## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HYBIR, INC.,

               Plaintiff

v.

VEEAM SOFTWARE CORPORATION,

               Defendant.

**C.A. No. 20-cv-10329**

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiff HYBIR, INC., ("Hybir"), by and through its undersigned counsel, brings this action against defendant VEEAM SOFTWARE CORPORATION ("Veeam"), and hereby alleges as follows:

### THE PARTIES

1.     Hybir is a C corporation organized and existing under the laws of Colorado, having a place of business at 8552 Gold Peak Lane, Unit B, Highlands Ranch, Colorado 80130 with mailing address at 11520 Eagles Glen Drive, Austin, Texas 78732.  Hybir is the owner of a family of patents relating to online backup systems which perform data deduplication at the source-side including U.S. Patent Nos. 8,051,043 (the "'043 Patent"), 9,037,545 (the "'545 Patent") and 9,679,146 (the "'146 Patent") (collectively, the "Asserted Patents").

2.     Upon information and belief, Veeam is a Delaware corporation, registered as a foreign corporation in the Commonwealth of Massachusetts, having an office at 20 William Street Wellesley, Massachusetts 02481.  Upon information and belief, Veeam is a provider of backup, disaster recovery and intelligent data management software throughout the United States.

## JURISDICTION AND VENUE

3.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* This Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2202.

4.     This Court has jurisdiction over Veeam because Veeam has a physical office in the Commonwealth of Massachusetts, does business in the Commonwealth of Massachusetts and this District, contracts to supply goods or services within the Commonwealth of Massachusetts and this District, has continuous and systematic business contacts within the Commonwealth of Massachusetts and this District, derives substantial revenue from interstate commerce from goods used or services rendered in the Commonwealth of Massachusetts and this District, and/or commits and has committed acts of patent infringement either within the Commonwealth of Massachusetts and this District, or outside the Commonwealth of Massachusetts and this District with a reasonable expectation that such acts would have consequences within the Commonwealth of Massachusetts and this District.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## FACTS COMMON TO ALL COUNTS

### *The Asserted Patents*

6.     Hybir has developed backup solutions which provide the ability to back up a computer locally and/or online using source side data identification and global data deduplication technologies.

7.     On November 1, 2011, the '043 Patent entitled "Group Based Complete and Incremental Computer File Backup System, Process and Apparatus," a copy of which is attached

hereto as *Exhibit A*, was duly and legally issued by the United States Patent and Trademark Office to Mr. Hadley Rasch Young ("Mr. Young") as the sole inventor.

8.     On May 19, 2015, the '545 Patent entitled "Group Based Complete and Incremental Computer File Backup System, Process and Apparatus," a copy of which is attached hereto as *Exhibit B*, was also duly and legally issued by the United States Patent and Trademark Office to Mr. Young as the sole inventor.  The '545 Patent claims priority as a continuation of the '043 Patent.

9.     On June 13, 2017, the '146 Patent entitled "Group Based Complete and Incremental Computer File Backup System, Process and Apparatus" a copy of which is attached hereto as *Exhibit C*, was duly and legally issued by the United States Patent and Trademark Office to Mr. Hadley Rasch Young ("Mr. Young") as the sole inventor.  The '146 Patent claims priority as a continuation of the '545 Patent.

10.     The Asserted Patents are assigned to and are solely owned by Hybir.

11.     The Asserted Patents have previously been enforced against ArcServe (USA) LLC in the District of Delaware in a case captioned as *Hybir, Inc. v. ArcServe (USA) LLC*, 1:19-CV-00359-RGA, which was dismissed following a settlement.

12.     The Asserted Patents identify and set out to solve several problems that arose out of and were unique to computer data management, including several technical factors that, at the time the inventions claimed in the Asserted Patents were invented, placed severe limits on the usefulness of backup systems.  ('043 Patent, at Abstract.)  For instance, data to be backed up was stored in files that were typically managed "on a per user basis" (*Id.* at 1:25-26) and for which "separate copies of files are maintained for each user."  (*Id.* at 1:36-37.)  This generally involved

data associated with each user initially being fully backed up, resulting in very large backups. (*Id.* at 1:39-43.)

13.     One prior art technique to reduce the size of backups was to only backup data that did not already exist. This was accomplished by generating CRC-32 based checksums on new data to be backed up and comparing the checksums with data already stored. If the checksums matched the data need not be stored since a copy already existed. (*Id.* at 1:46-49.) These methods were deficient because, among other things, they required comparisons of large backup files and the use an unreliable CRC-32 signature to differentiate different data. (*Id.* 1:39-53.)

14.     Another problem identified in the Asserted Patents was the inefficiency of configuration management of computer systems.  The process of configuration management required capturing and restoring configuration sets which contained data structures and configuration information.  Many configuration sets include multiple copies of the same data due in part to being unable to guarantee the uniqueness of multiple copies of the same stored data. (*Id.* at 1:59-67.)

15.     The Asserted Patents provide technical solutions to address these and other technical problems arising out of and unique to computer data management.  The Asserted Patents propose, for example, providing a backup system which uses descriptors to uniquely identify data sets such as files or portions thereof.  Using such descriptors allows for storage of only single copies of data in a shared file repository, which reduces the amount of bandwidth, processing time and storage required for a backup and restore.  (*Id.* at Abstract.)

16.     FIG. 3 of the Asserted Patents, reproduced below, depicts a data structure which includes file names, file data from each such file, a descriptor generating algorithm and a descriptor generated for the file data.  (*Id.* at 9:32-38.)  The descriptor generating algorithm generates

descriptors in a uniform way so that common data from files have the same substantially unique descriptors.  (*Id.* at 9:59-10:5.)



Fig. 3

17.     The Asserted Patents further illustrate in FIG. 5, reproduced below, a group-based backup data structure on the backup server as a reference to the identity of file data and when that file data was backed up on a per-user basis.  The backup server may maintain inventories for each user containing a list of descriptors.  (*Id.* at 10:63-66.)  For example, a first inventory with a list of descriptors would correspond to user A and a second inventory with its list of descriptors would correspond to user B, and so on for other users.  (*Id.* at 11:1-3.) The list of descriptors for each user is a short-hand representation of the actual files, or portions of files, that have been recently backed up for the user's communication device. (*Id.* at 11:11-15.)



*Fig. 5*

18.     Backup and deduplication technologies such as those described and claimed in the Asserted Patents are recognized in the industry as representing technical solutions to technical problems and involving non-conventional and non-routine technologies.  This is evidenced by at least the following sample documents, all of which are incorporated by reference herein in their entirety:

- Asserted Patents and their file histories;

- Veeam, Compression & Deduplication, https://www.veeam.com/hyper-v-vmware-backup-deduplication-compression.html

- Arcserve UDP, https://www.arcserve.com/data-protection-solutions/arcserve-udp/ and https://s28241.pcdn.co/wp-content/uploads/2019/10/Arcserve-UDP-Datasheet-en-JCI.pdf?m=1571707794

- R. Umadevi and K. Kokila, Improving Effectiveness in Large Scale Data by Concentrating Deduplication, International Journal of Research Instinct (2016);

- Supriya Allampallewar and J. Ratnaraja Kumar, A Survey Study for Deduplication in Large Scale Data, International Journal of Advanced Research in Computer and Communication Engineering (2016);

- Saniya Sudhakaran and Meera Treesa Mathews, A Survey on Data Deduplication in Large Scale Data, International Journal of Computer Applications (2017); and

- U.S. Patent Nos. 9,639,433, 9,201,917, and 9,671,974 and their file histories.

### *Veeam's Backup & Replication*

19.     Veeam sells and offers for sale the *Veeam Backup & Replication* backup solution (the "Accused System") which includes a solution for performing and managing an electronic data backup and recovery.  Upon information and belief, Veeam's sale of the Accused System has been ongoing since at least 2014.

20.     The Accused System provides backup, recovery and replication features for virtual, physical and cloud-based workloads.  Among other things, the Accused System deduplicates data on the source side.

21.     Veeam sells and offers the Accused System for sale throughout the United States and elsewhere.

22.     On December 17, 2019, Hybir, via letter from its counsel, formally notified Veeam, though its Co-Founder and CEO Andrei Baronov, that products made, used, sold, and offered for sale by Veeam, including the Accused System, infringed the '043 Patent, '146 Patent and '545 Patent.  Upon information and belief, Veeam received the December 17, 2019 letter on or about December 18, 2019.

23.    Veeam instructs users regarding how to use the Accused System in a manner that infringes the Asserted Patents.  Such instruction and guidance, which is generally available on Veeam's website (*see, e.g.,* https://www.veeam.com/vm-backup-recovery-replication-software.html, incorporated herein by reference), includes but is not limited to, support websites, blogs (*see, e.g.,* https://www.veeam.com/blog/, incorporated herein by reference), brochures, infographics, electronic books, videos, webinars, and white papers (*see, e.g.,* https://www.veeam.com/support.html, incorporated herein by reference).  Veeam also offers interactive support to customers and, on information and belief, instructs users as to how to use the Accused System in a manner that infringes the Asserted Patents through a phone number (1.800.691.1991), email (support@veeam.com), and support website (https://www.veeam.com/support.html, incorporated herein by reference).

## COUNT I

*Veeam's Infringement of United States Patent No. 8,051,043*

24.    Hybir re-alleges and incorporates by reference the foregoing allegations as though fully set forth here.

25.    As demonstrated in *Exhibit D* hereto, all of the elements of at least claim 1 of the '043 Patent are embodied in the Accused System.  The elements of claims 2-14 dependent thereon are also embodied in the Accused System.  While *Exhibit D* relies on documentation for the current version, Version 9.5, of Veeam Backup and Replication, upon information and belief the same functionality relied upon in *Exhibit D* was present in all earlier versions of the Accused System starting from at least version 7.0.

26.    Upon information and belief, Veeam has infringed and continues to infringe the '043 Patent, directly and/or by contributory infringement and/or by inducement of infringement,

by making, using, selling and/or offering to sell the Accused System, in this judicial district, throughout the United States, and elsewhere.

27.     Pursuant to 35 U.S.C. § 271(a), Veeam is liable for direct infringement of at least one claim of the '043 Patent, including, without limitation, claims 1-14, by having made, used, offered for sale, or sold the Accused System, and by continuing to make, use, offer for sale and/or sell the Accused System without having authority and/or license to take such action.

28.     Veeam has been aware of the '043 Patent and the manner of infringing the '043 Patent since at least on or about December 17, 2019 when Hybir first served notice upon its agent. Pursuant to 35 U.S.C. § 271(b), Veeam is liable for inducement of infringement by having caused, and continuing to knowingly cause (or intend to cause) the direct infringement of at least claims 1-14 of the '043 Patent by selling the Accused System in the United States and elsewhere and by enabling purchasers to use the Accused System without regard for the '043 Patent.  Moreover, by marketing and selling the Accused System, Veeam is liable for inducement of infringement.  By further providing instructions on how to use the Accused System in an infringing manner, Veeam is liable for inducement of infringement.  (*See, e.g.,* Paragraphs 18-22 above).

29.     Veeam has been aware of the '043 Patent and the manner of infringing the '043 Patent since on or about December 17, 2019.  Pursuant to 35 U.S.C. § 271(c), Veeam is liable for contributory infringement of the '043 Patent by having sold and/or offered to sell and continuing to sell and/or offer to sell the Accused System, and the components thereof, that comprise a material component of the invention embodied in the '043 Patent, that are especially made or adapted for use in infringing the '043 Patent, and that are not suitable for any substantial non-infringing use with knowledge that the '043 Patent was/is being directly infringed by customers. Veeam is therefore liable for contributory infringement of the '043 Patent in accordance with

claims 1-14 of the '043 Patent despite having full knowledge that the '043 Patent is being directly infringed. (*See, e.g.,* Paragraphs 18-22 above).

30.     Since becoming aware of the '043 Patent at the latest date of on or about December 17, 2019, by notice letter from Hybir which included a detailed claim chart setting forth the basis for infringement, Veeam continued to develop, make, use, sell, and offer to sell the Accused System to customers, thereby willfully and knowingly infringing, directly and indirectly, the '043 Patent.  Veeam has failed to provide any basis for non-infringement or invalidity, or any other justification for continuing its infringement of the '043 Patent.

31.     The notice letter served by Hybir on Veeam on or about December 17, 2019 contained detailed allegations regarding Veeam's infringement, together with a detailed claim chart setting forth the basis for infringement.  Despite the fact that Veeam was thereby made fully aware of its ongoing infringement, Veeam continued to develop, make, use, sell, and offer to sell the Accused System to customers without authority or license to take such action, thereby willfully and knowingly infringing, directly and indirectly, the '043 Patent.

32.     A presumption of validity is conferred upon the '043 Patent.  Since becoming aware of the '043 Patent and the basis for infringement on or about December 17, 2019, Veeam has not established by clear and convincing evidence that the '043 Patent is invalid for any reason, nor has Veeam challenged the validity of the '043 Patent in any federal court or before the USPTO.

33.     Upon information and belief and based on a review of the Veeam website and public information, since becoming aware of the '043 Patent and the basis for infringement at the latest on or about December 17, 2019, Veeam has not taken any steps to stop infringing the '043 Patent.  Upon information and belief, and based on a review of the Veeam website, Veeam has not

modified any of its instructions or guidance to customers to prevent customers from infringing the '043 Patent.

34.     Upon information and belief, Veeam has not relied on a formal opinion of counsel to continue its infringement of the '043 Patent despite full knowledge of its infringement.

35.     Upon information and belief, based on Veeam's failure to cease and desist infringement to date, Veeam will continue its infringing activity throughout the course of this action, further demonstrating its reckless disregard of Hybir's patent rights.

36.     By continuing its infringement of the '043 Patent despite full knowledge of its misconduct in this regard, Veeam's infringement of the Accused System is willful, deliberate, and intentional, in reckless disregard of Hybir's patent rights.

37.     As a result of Veeam's acts of infringement of the '043 Patent, Hybir has suffered injury to its business and property in an amount to be determined as damages, and, will continue to suffer damages in the future.

38.     Unless an injunction is issued enjoining Veeam and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them from infringing the '043 Patent, Hybir will suffer irreparable injury for which there is no adequate remedy at law.

## COUNT II

*Veeam's Infringement of United States Patent No. 9,679,146*

39.     Hybir re-alleges and incorporates by reference the foregoing allegations as though fully set forth here.

40.     As demonstrated in *Exhibit E* hereto, all of the elements of at least claim 1 of the '146 Patent are embodied in the Accused System.  The elements of claims 2-7 dependent thereon

are also embodied in the Accused System.  While *Exhibit E* relies on documentation for the current version, Version 9.5, of Veeam Backup and Replication, upon information and belief the same functionality was present in all earlier versions of the Accused System starting from at least version 7.0.

41.     Upon information and belief, Veeam has infringed and continues to infringe the '146 Patent, directly and/or by contributory infringement and/or by inducement of infringement, by making, using, selling and/or offering to sell the Accused System, in this judicial district, throughout the United States, and elsewhere.

42.     Pursuant to 35 U.S.C. § 271(a), Veeam is liable for direct infringement of at least one claim of the '146 Patent, including, without limitation, claims 1-7, by having made, used, offered for sale, or sold the Accused System, and by continuing to make, use, offer for sale and/or sell the Accused System without having authority and/or license to take such action.

43.     As demonstrated in *Exhibit E* hereto, all of the elements of at least claim 1 of the '146 Patent are embodied in the Accused System.  The elements of claims 2-7 dependent thereon are also embodied in the Accused System.

44.     Veeam has been aware of the '146 Patent and the manner of infringing the '146 Patent since at least on or about December 17, 2019 when Hybir first served notice upon its agent. Pursuant to 35 U.S.C. § 271(b), Veeam is liable for inducement of infringement by having caused, and continuing to knowingly cause (or intend to cause) the direct infringement of at least claims 1-7 of the '146 Patent by selling the Accused System in the United States and elsewhere and by enabling purchasers to use the Accused System without regard for the '146 Patent.  Moreover, by marketing and selling the Accused System, Veeam is liable for inducement of infringement.  By

further providing instructions on how to use the Accused System in an infringing manner, Veeam is liable for inducement of infringement. (*See, e.g.,* Paragraphs 18-22 above).

45.     Veeam has been aware of the '146 Patent and the manner of infringing the '146 Patent since on or about December 17, 2019.  Pursuant to 35 U.S.C. § 271(c), Veeam is liable for contributory infringement of the '146 Patent by having sold and/or offered to sell and continuing to sell and/or offer to sell the Accused System, and the components thereof, that comprise a material component of the invention embodied in the '146 Patent, that are especially made or adapted for use in infringing the '146 Patent, and that are not suitable for any substantial non-infringing use with knowledge that the '146 Patent was/is being directly infringed by customers. Veeam is therefore liable for contributory infringement of the '146 Patent in accordance with claims 1-7 of the '146 Patent despite having full knowledge that the '146 Patent is being directly infringed.  (*See, e.g.,* Paragraphs 18-22 above).

46.     Since becoming aware of the '146 Patent at the latest date of on or about December 17, 2019, by notice letter from Hybir which included a detailed claim chart setting forth the basis for infringement, Veeam continued to develop, make, use, sell, and offer to sell the Accused System to customers, thereby willfully and knowingly infringing, directly and indirectly, the '146 Patent.  Veeam has failed to provide any basis for non-infringement or invalidity, or any other justification for continuing its infringement of the '146 Patent.

47.     The notice letter served by Hybir on Veeam on or about December 17, 2019 contained detailed allegations regarding Veeam's infringement, together with a detailed claim chart setting forth the basis for infringement.  Despite the fact that Veeam was thereby made fully aware of its ongoing infringement, Veeam continued to develop, make, use, sell, and offer to sell

13

the Accused System to customers without authority or license to take such action, thereby willfully and knowingly infringing, directly and indirectly, the '146 Patent.

48.    A presumption of validity is conferred upon the '146 Patent.  Since becoming aware of the '146 Patent and the basis for infringement on or about December 17, 2019, Veeam has not established by clear and convincing evidence that the '146 Patent is invalid for any reason, nor has Veeam challenged the validity of the '146 Patent in any federal court or before the USPTO.

49.    Upon information and belief and based on a review of the Veeam website and public information, since becoming aware of the '146 Patent and the basis for infringement at the latest on or about December 17, 2019, Veeam has not taken any steps to stop infringing the '146 Patent.  Upon information and belief, and based on a review of the Veeam website, Veeam has not modified any of its instructions or guidance to customers to prevent customers from infringing the '146 Patent.

50.    Upon information and belief, Veeam has not relied on a formal opinion of counsel to continue its infringement of the '146 Patent despite full knowledge of its infringement.

51.    Upon information and belief, based on Veeam's failure to cease and desist infringement to date, Veeam will continue its infringing activity throughout the course of this action, further demonstrating its reckless disregard of Hybir's patent rights.

52.    By continuing its infringement of the '146 Patent despite full knowledge of its misconduct in this regard, Veeam's infringement of the Accused System is willful, deliberate, and intentional, in reckless disregard of Hybir's patent rights.

53.    As a result of Veeam's acts of infringement of the '146 Patent, Hybir has suffered injury to its business and property in an amount to be determined as damages, and, will continue to suffer damages in the future.

14

54.    Unless an injunction is issued enjoining Veeam and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them from infringing the '146 Patent, Hybir will suffer irreparable injury for which there is no adequate remedy at law.

## COUNT III

*Veeam's Infringement of United States Patent No. 9,037,545*

55.    Hybir re-alleges and incorporates by reference the foregoing allegations as though fully set forth here.

56.    As demonstrated in *Exhibit F* hereto, all of the elements of at least claim 1 of the '545 Patent are embodied in the Accused System.  The elements of claims 2-9 dependent thereon are also embodied in the Accused System.  While *Exhibit F* relies on documentation for the current version, Version 9.5, of Veeam Backup and Replication, upon information and belief the same functionality was present in all earlier versions of the Accused System starting from at least version 7.0.

57.    Upon information and belief, Veeam has infringed and continues to infringe the '545 Patent, directly and/or by contributory infringement and/or by inducement of infringement, by making, using, selling and/or offering to sell the Accused System, in this judicial district, throughout the United States, and elsewhere.

58.    Pursuant to 35 U.S.C. § 271(a), Veeam is liable for direct infringement of at least one claim of the '545 Patent, including, without limitation, claims 1-9, by having made, used, offered for sale, or sold the Accused System, and by continuing to make, use, offer for sale and/or sell the Accused System without having authority and/or license to take such action.

59.     Veeam has been aware of the '545 Patent and the manner of infringing the '545 Patent since at least on or about December 17, 2019 when Hybir first served notice upon its agent. Pursuant to 35 U.S.C. § 271(b), Veeam is liable for inducement of infringement by having caused, and continuing to knowingly cause (or intend to cause) the direct infringement of at least claims 1-9 of the '545 Patent by selling the Accused System in the United States and elsewhere and by enabling purchasers to use the Accused System without regard for the '545 Patent. Moreover, by marketing and selling the Accused System, Veeam is liable for inducement of infringement. By further providing instructions on how to use the Accused System in an infringing manner, Veeam is liable for inducement of infringement. (*See, e.g.,* Paragraphs 18-22 above).

60.     Veeam has been aware of the '545 Patent and the manner of infringing the '545 Patent since on or about December 17, 2019. Pursuant to 35 U.S.C. § 271(c), Veeam is liable for contributory infringement of the '545 Patent by having sold and/or offered to sell and continuing to sell and/or offer to sell the Accused System, and the components thereof, that comprise a material component of the invention embodied in the '545 Patent, that are especially made or adapted for use in infringing the '545 Patent, and that are not suitable for any substantial non-infringing use with knowledge that the '545 Patent was/is being directly infringed by customers. Veeam is therefore liable for contributory infringement of the '545 Patent in accordance with claims 1-9 of the '545 Patent despite having full knowledge that the '545 Patent is being directly infringed. (*See, e.g.,* Paragraphs 18-22 above).

61.     Since becoming aware of the '545 Patent at the latest date of on or about December 17, 2019, by notice letter from Hybir which included a detailed claim chart setting forth the basis for infringement, Veeam continued to develop, make, use, sell, and offer to sell the Accused System to customers, thereby willfully and knowingly infringing, directly and indirectly, the '545

Patent.  Veeam has failed to provide any basis for non-infringement or invalidity, or any other justification for continuing its infringement of the '545 Patent.

62.     The notice letter served by Hybir on Veeam on or about December 17, 2019 contained detailed allegations regarding Veeam's infringement, together with a detailed claim chart setting forth the basis for infringement.  Despite the fact that Veeam was thereby made fully aware of its ongoing infringement, Veeam continued to develop, make, use, sell, and offer to sell the Accused System to customers without authority or license to take such action, thereby willfully and knowingly infringing, directly and indirectly, the '545 Patent.

63.     A presumption of validity is conferred upon the '545 Patent.  Since becoming aware of the '545 Patent and the basis for infringement on or about December 17, 2019, Veeam has not established by clear and convincing evidence that the '545 Patent is invalid for any reason, nor has Veeam challenged the validity of the '545 Patent in any federal court or before the USPTO.

64.     Upon information and belief and based on a review of the Veeam website and public information, since becoming aware of the '545 Patent and the basis for infringement at the latest on or about December 17, 2019, Veeam has not taken any steps to stop infringing the '545 Patent.  Upon information and belief, and based on a review of the Veeam website, Veeam has not modified any of its instructions or guidance to customers to prevent customers from infringing the '545 Patent.

65.     Upon information and belief, Veeam has not relied on a formal opinion of counsel to continue its infringement of the '545 Patent despite full knowledge of its infringement.

66.     Upon information and belief, based on Veeam's failure to cease and desist infringement to date, Veeam will continue its infringing activity throughout the course of this action, further demonstrating its reckless disregard of Hybir's patent rights.

67.     By continuing its infringement of the '545 Patent despite full knowledge of its misconduct in this regard, Veeam's infringement of the Accused System is willful, deliberate, and intentional, in reckless disregard of Hybir's patent rights.

68.     As a result of Veeam's acts of infringement of the '545 Patent, Hybir has suffered injury to its business and property in an amount to be determined as damages, and, will continue to suffer damages in the future.

69.     Unless an injunction is issued enjoining Veeam and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them from infringing the '545 Patent, Hybir will suffer irreparable injury for which there is no adequate remedy at law.

## JURY DEMAND

70.     Hybir demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Hybir prays for judgment and relief as follows:

A.     A declaration that Veeam has infringed, is infringing, has induced and is inducing, has contributed and is contributing to the infringement of the '043 Patent, the '545 Patent and the '146 Patent;

B.     An award of damages adequate to compensate Hybir for the infringement by Veeam of the '043 Patent, '545 Patent and '146 Patent;

C.     A permanent injunction enjoining Veeam, its officers, agents, servants, employees, affiliates and attorneys, and all those in active concert or participation with them, from further infringing, inducing infringement, and contributing to the infringement of the '043 Patent, '545 Patent and '146 Patent without obtaining the right to do so from Hybir;

D.     A declaration that Veeam's past and continuing infringement of the '043 Patent, '545 Patent and '146 Patent is willful, justifying a trebling of the award of damages under 35 U.S.C. § 284, or such other enhancement of the award of damages that the Court deems appropriate;

E.     An award of pre-judgment and post-judgment interest on the damages caused by reason of Veeam's infringement of the '043 Patent, '545 Patent and '146 Patent;

F.     An award of costs and expenses to Hybir; and

G.     A grant to Hybir of such other and further relief as the Court may deem just and proper.

Dated: February 19, 2020

By: _____*/s/ Seth H. Ostrow*_____

Seth H. Ostrow (MA Bar No. 562546)
Sarah A. Pfeiffer (*to be admitted pro hac vice*)
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
sho@msf-law.com
sap@msf-law.com

*Attorneys for Plaintiff*
*Hybir, Inc.*